UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

HDI GLOBAL INSURANCE COMPANY,

    Plaintiff,

vs.

CROWLEY LATIN AMERICA SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, HDI Global Insurance Company, by and through its undersigned counsel and for its Complaint sues the Defendant, Crowley Latin America Services, LLC, and as grounds therefor alleges the following:

## JURISDICTION

1. This action arises from a multimodal shipment of 3,400 boxes containing frozen Tilapia (the "Cargo") transported by ocean carriage from Honduras to the United States.

2. This is an admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operate in this District and are subject to the personal jurisdiction of this Honorable Court.

1

## PARTIES

4. At all times relevant hereto, Plaintiff, HDI Global Insurance Company ("HDI Global"), was and now is a corporation organized and existing by virtue of Illinois law, with an office and place of business at 161 North Clark Street, 48th floor, Chicago, Illinois 60601. Pursuant to a policy of insurance, HDI Global paid its insured, Regal Springs Trading Company, for loss of and/or damage to the subject shipment and has become subrogated to the rights of its Insured, whatever those rights may be.

5. At all times relevant hereto, Defendant, Crowley Latin America Services, LLC, was and is a limited liability company engaged in business as a vessel-operating common carrier of goods for hire, and issues bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels, with an office and place of business at *9487 Regency Square Blvd, Jacksonville, FL 32225*.

## COUNT I - COGSA

6. At any material times relevant hereto, the carriage instructions to which Defendant agreed, stated that the Cargo must be carried between a temperature of -8°F.

7. On or about July 22, 2020, the Cargo was tendered to Defendant in good order and condition, within the temperature range of -8°F and suitable in every respect for the intended transportation, which Defendant received, accepted, and agreed to transport by ocean carriage for certain consideration from Rio Lindo, Honduras to the United States using specialized care and services designed to lessen the risk of harm to the Cargo, as more fully described in Crowley Latin America Services' bill of lading number CWPN2M000140(the "Bill of Lading").

8. Despite the agreement to maintain a carriage temperature between -8°F for the duration of the transit and handling of the Cargo, the Cargo experienced a prolonged increase in temperature during transit while in the care, custody, and control of Defendant prior to arrival and delivery. Therefore, Defendant failed to deliver the Cargo at destination in the same good order and condition as it was received.

9. As a result, the Cargo was physically damaged and impaired in value by the temperature deviations sustained during ocean carriage.

10. By receiving the Cargo in good order and condition and failing to deliver it to destination in the same condition, Defendant breached its statutory, contractual, and common-law duties and obligations as a common carrier, was negligent, careless, and reckless in its handling of the Cargo, and was otherwise at fault.

11. Plaintiff, HDI Global and its subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part.

12. HDI brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and HDI is entitled to maintain this action.

13. HDI has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $69,984.54.

**COUNT II – BREACH OF CONTRACT OF CARRIAGE**

14. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 13 as if set forth herein at length.

15. Defendant contracted and agreed to deliver the Cargo in the same good order and condition as when received and as evidence of that agreement, issued the Bill of Lading.

16. By issuing its Bill of Lading, Defendant had a duty to properly and carefully load, handle, carry, care for, and discharge the Cargo.

17. By failing to deliver the Cargo in the same good order and condition as it was received, Defendant breached the contract of carriage.

18. Defendant, and/or one of its agents or sub-contractors for which it is liable, improperly transported the Cargo in a manner that resulted in damage to many boxes of Cargo.

19. Plaintiffs have duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

20. By reason of the premises, Plaintiffs have sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $69,984.54, representing the value of the damaged portion of the Cargo.

## **COUNT III – BREACH OF BAILMENT**

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 as if set forth herein at length.

22. In the alternative, Defendant is liable for breach of duties and obligations as a bailee.

23. In or about July 2022, the Cargo was delivered to Defendant in good order and condition.

24. Defendant accepted the Cargo and agreed to re-deliver it in the same good order and condition as when received.

25. Defendant had a duty to exercise reasonable care in handling the Cargo, including in unloading the Cargo from the shipping container and loading and securing the Cargo inside the trailer for transportation by rail car.

26. Defendant, and/or one of its agents or sub-contractors or agents for which it is liable, failed to exercise reasonable care in handling the Cargo.

27. Defendant, and/or one of its agents or sub-contractors for which it is liable, improperly cared for and/handled the Cargo during inland transportation which resulted in damage to the Cargo.

28. Defendant failed to re-deliver the Cargo in the same good order and condition as when received.

29. Plaintiff has duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

30. By reason of the premises, Plaintiffs has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $69,984.54 USD, representing the value of the damaged portion of the Cargo.

## COUNT IV – NEGLIGENCE

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 30 as if set forth herein at length.

32. In the alternative, Defendant is liable for negligence.

33. Defendant had a duty to exercise reasonable care in handling the Cargo, including unloading the Cargo from the shipping container and loading and securing the Cargo inside the trailer for transportation by rail car.

34. Defendant, and/or one of its agents or sub-contractors or agents for which it is liable, failed to exercise reasonable care in handling the Cargo.

35. Defendant, and/or one of its agents or sub-contractors for which it is liable, improperly cared for and/or handled the Cargo in the trailer in a manner that resulted in damage to the Cargo.

36. As a direct and proximate result of the negligence of Defendant, and/or one of its agents or sub-contractors for which it is liable, in failing to exercise reasonable care in handling the Cargo, loading the Cargo and securing it for transportation in the trailer, the Cargo was damaged.

37. Plaintiff has duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

38. By reason of the premises, Plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $69,9854 USD, representing the value of the damaged portion of the Cargo.

**WHEREFORE**, the Plaintiff prays:

(i) that process in due form of law according to the practice of this Court may issue against Defendant, citing them to appear and answer the foregoing;

(ii) that a judgment may be entered in the favor of HDI against Defendant, in the amount of $69,984.54, together with costs, interest, and reasonable attorney's fees; and

(iii) for such other and further relief as this Court may deem just and proper under the circumstances.

August 1, 2023
Miami, Florida

Respectfully submitted,

By:    /s/ Michael C. Black

**Michael C. Black, Esquire**
F.B.N. 0056162
mblack@marlaw.com
**MICHAEL C. BLACK, P.A.**
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 305
Miami, Florida 33156
Telephone:   305-271-8301
Facsimile:   305-271-8302
*Counsel for Plaintiff,*
  *HDI Global Insurance Company*